# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JASON D. TWIGG,                       :
   Plaintiff,                        :
                                      :
v.                                    : Civil No. 3:16CV1500 (AWT)
                                      :
COMMISSIONER OF SOCIAL SECURITY,      :
   Defendant.                        :

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

The court's function when reviewing a denial of disability benefits is first to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion, and then whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

The plaintiff argues that remand is required in this case because:

    1. The finding that Plaintiff does not meet the listing of 1.04 (Spinal Disorder) is contrary to the evidence in the record.
    2. The finding that Plaintiff does not meet the listing of 1.02 (Major Dysfunction of a Joint) is contrary to the evidence in the record.

>    3. Improper weight (greater than appropriate) was afforded to state agency medical consultants who didn't examine the Plaintiff.
>    4. Improper weight (less than appropriate) and/or consideration was afforded to Plaintiffs treating physicians where there was a longevity of treatment, testing and surgery performed and multiple examinations of Plaintiff.
>    5. The finding that the Plaintiff can engage in substantial gainful employment at a light duty capacity is contrary to the evidence in the record.

Plf's Memo. (Doc. No. 16) at 17-18. The Commissioner contends that the ALJ correctly found that the plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that the ALJ properly evaluated the evidence of record, and that substantial evidence supported the ALJ's finding with respect to a residual functional capacity for a range of light work.

The court concludes that this case must be remanded because the ALJ failed to follow the treating physician rule (i.e. plaintiff's third and fourth arguments) and, in addition, failed to develop the record as he was required to in this case, so the court does not address the plaintiff's other arguments.

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008)

2

(quoting 20 C.F.R. § 404.1527(d)(2)); see also Mariani v. Colvin, 567 F. App'x 8, 10 (2d Cir. 2014) (holding that "[a] treating physician's opinion need not be given controlling weight where it is not well-supported or is not consistent with the opinions of other medical experts" where those other opinions amount to "substantial evidence to undermine the opinion of the treating physician"). "The regulations further provide that even if controlling weight is not given to the opinions of the treating physician, the ALJ may still assign some weight to those views, and must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103 (WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). It is "within the province of the ALJ to credit portions of a treating physician's report while declining to accept other portions of the same report, where the record contained conflicting opinions on the same medical condition." Pavia v. Colvin, No. 6:14-cv-06379 (MAT), 2015 WL 4644537, at *4 (W.D.N.Y. Aug. 4, 2015) (citing Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002)).

In determining the amount of weight to give to a medical opinion, the ALJ must consider several factors: the examining relationship, the treatment relationship (the length, the frequency of examination, the nature and extent), evidence in

support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. 20 C.F.R. § 404.1527(c)(1)-(6). In the Second Circuit, "all of the factors cited in the regulations" must be considered to avoid legal error. Schaal v. Apfel 134 F.3d 496, 504 (2d Cir. 1998). Failure to provide "good reasons" for not crediting the opinion of a claimant's treating physician is a ground for remand. Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999)(citing Schaal, 134 F.3d at 505).

In Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999), the court explained the ALJ's obligation to fill gaps in the administrative record prior to rejecting a treating physician's diagnosis:

> [A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record. See Schaal, 134 F.3d at 505 ("[E]ven if the clinical findings were inadequate, it [i]s the ALJ's duty to seek additional information from [the treating physician] sua sponte."); see also Hartnett v. Apfel, 21 F. Supp. 2d 217, 221 (E.D.N.Y. 1998) ("[I]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly"). In fact, where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history "even when the claimant is represented by counsel or . . . by a paralegal." Perez, 77 F.3d at 47; see also Pratts, 94 F.3d at 37 ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must [] affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'[. . . ].") (citations omitted)

Rosa, 168 F.3d at 79.

In determining when there is "inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94 F.3d 34, 37-38 (2d Cir. 1996)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 129 S. Ct. 1696, 1706 (2009). The ALJ "does not have to state on the record every reason justifying a decision." Brault v. Social Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012). "'Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted.'" Id. (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)). In addition, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." Id.

> The ALJ must request additional information from a treating physician . . . when a medical report contains a conflict or ambiguity that must be resolved, the report is missing necessary information, or the report does not seem to be based on medically acceptable clinical and diagnostic techniques. Id. § 404.1512(e)(1). When "an ALJ perceives inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly," Hartnett, 21 F. Supp. 2d at 221, by making every reasonable effort to re-contact the treating source for clarification of the reasoning of the opinion. Taylor v. Astrue, No. 07-CV-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008).

Toribio v. Astrue, No. 06CV6532(NGG), 2009 WL 2366766, at *8-*10 (E.D.N.Y. July 31, 2009) (holding that the ALJ who rejected the treating physician's opinion because it was broad, "contrary to objective medical evidence and treatment notes as a whole", and inconsistent with the state agency examiner's findings had an affirmative duty to re-contact the treating physician to obtain clarification of his opinion that plaintiff was "totally incapacitated").

In Schaal v. Apfel, 134 F.3d 496 (2d Cir. 1998), the court held that the lack of specific clinical findings in the treating physician's report did not, by itself, provide "good reason" justifying the ALJ's failure to credit the physician's opinion. Id. at 505. The court stated that even if the clinical findings were inadequate, it was the ALJ's duty to seek additional information from the treating physician sua sponte. Id. (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996)).

In Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998), the court remanded the case to the trial court to consider the claimant's contention that in light of Schaal the ALJ should have acted affirmatively to seek out clarifying information concerning perceived inconsistencies between a treating physician's reports. See id. at 118-19. The court reasoned that the doctor might have been able to provide a medical explanation for the plaintiff's condition. Likewise,

6

the doctor might have been able to offer clinical findings in support of his conclusion. The treating physician's failure to include this type of support for the findings in his report did not mean that such support did not exist; he might not have provided this information in the report because he did not know that the ALJ would consider it critical to the disposition of the case. See id.

Here, John A. Pella, M.D., appeared at the hearing and testified as an impartial medical expert. The opinion states that "Dr. Pella did not examine the claimant, but he reviewed the medical evidence in its entirety (the only doctor to do so), and his opinion is consistent with that evidence as a whole." R.21. A paragraph follows in which the ALJ purports to summarize the evidence as a whole but fails to discuss any of the medical evidence from the plaintiff's treating physicians that supports the plaintiff's position. The opinion then concludes: "The medical evidence supports Dr. Pella's opinion, and for this reason, the undersigned gives it significant weight." R.22. This is the only opinion to which the ALJ gave significant weight.

The ALJ gave some weight to the opinion of state agency reviewing physician P.S. Krishnamurthy, M.D., concluding that "the undersigned gives it just some weight to the extent it is consistent with the findings by Dr. Pella." R.22.

7

One of the plaintiff's treating physicians was David Kloth, M.D., who treated the plaintiff's back impairment. With respect to Dr. Kloth, the opinion states that "the undersigned gives his opinions some weight to the extent [they are] consistent with the findings of Dr. Pella." R.22. As to all of the plaintiff's other treating physicians, the ALJ gave their opinions "little weight". R.22.

The medical records from the plaintiff's treating physicians cover a period of several years. They reflect that there was an interplay between his back and knee issues and his eventual major depressive disorder. The medical records also reflect that at one point his treating physician released him to light duty work but that the plaintiff's condition subsequently worsed. In choosing to put little weight on the opinions of the plaintiff's treating physicians because they are only partially consistent with the medical evidence or not consistent with the medical evidence, the ALJ does not specify which portion of the medical evidence he is relying on.

The ALJ's discussion of the medical opinions of the plaintiff's treating physicians and the basis for those opinions is cursory. (This is noteworthy in light of the fact that Dr. Pella gave entirely conclusory opinions and pointed out nothing in the way of shortcomings with respect to the medical evidence from the plaintiff's treating physicians. See R.73-78.) The

8

ALJ concluded that Dr. Kloth's "opinions are partially consistent with the medical evidence" without stating whether the ALJ had taken into account the fact that the plaintiff's condition worsened over time. The ALJ gave "little weight" to the opinion of Andrew E. Wakefield, M.D., a neurosurgeon who examined the plaintiff in September 2010. R.22. The ALJ concluded that the medical evidence conflicted with Dr. Wakefield's opinion that the plaintiff could not complete a full day of work. But the opinion does not reflect with respect to either Dr. Kloth or Dr. Wakefield that the ALJ considered the factors he was required to consider to show that there were "good reasons" for not crediting the opinion of the plaintiff's treating physicians. The same is true with respect to the ALJ's rejection of the opinions of Daniel N. Fish, M.D., who treated the plaintiff's knee impairments, MacEllis K. Glass, M.D., an orthopedist who examined the plaintiff in March 2011, Ramon Batson, M.D., a neurosurgeon who treated the plaintiff, and David C. Levy, M.D.

Moreover, in several instances the ALJ states that the medical records from the plaintiff's treating physicians failed to address certain areas or have other deficiencies. With respect to Dr. Kloth, the opinion states "These opinions do not specifically address the claimant's abilities in all areas". R.22. With respect to Dr. Fish, the ALJ states that his opinion

9

"is vague and fails to discuss specifically what the claimant remained able to do despite his impairments." R.23. With respect to Dr. Glass, Dr. Batson and Dr. Levi, the ALJ writes that "These opinions are consistent with the medical evidence, but like that of Dr. Fish, they do not explain what the claimant remained able to do despite his impairments. . . . These opinions are vague, and do little more than offer unsupported conclusions". R.23. (This statement is particularly noteworthy in light of the conclusory opinions given by Dr. Pella.) If a basis for placing little weight on the opinions of these treating physicians was that their opinions were vague or did little more than offer unsupported conclusions or failed to address significant issues, then the ALJ had a duty to fill in the gaps in the record before rejecting the diagnoses of the plaintiff's treating physicians. After doing so, the ALJ was then required to provide "good reasons" before declining to credit the opinions of the plaintiff's treating physicians, considering the factors required to be considered under 20 C.F.R. § 404.1527(c)(1)-(6), and choosing to put greater weight on the opinions of Dr. Pella than on the opinions of the plaintiff's treating physicians.

For the reasons set forth above, Plaintiff's Motion for Order Reversing the Decision of the Commissioner (or in the Alternative) Motion for Remand for Another Hearing (Doc. No. 16)

is hereby GRANTED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 19) is hereby DENIED. This case is hereby REMANDED to the Commissioner for rehearing consistent with this ruling.

The Clerk shall close this case.

It is so ordered.

Dated this 13th day of February 2018, at Hartford, Connecticut.

                                                  /s/AWT
                                         Alvin W. Thompson
                                United States District Judge